IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UROLOGY OF ST. LOUIS, INC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HEALTHCARE SYSTEMS ILLINOIS, LLC and AHS MEDICAL GROUP, LLC., <br><br> Defendants. | No. 24-cv-01921 <br><br> Judge John F. Kness |

ORDER

Before the Court is Plaintiff's motion for attorney fees and costs under 28 U.S.C. §1447(c). (Dkt. 13.) For the reasons provided in the accompanying Statement, Plaintiff's motion is granted. Plaintiff is awarded $13,954.43 in attorneys' fees and costs.

STATEMENT

Plaintiff's motion for attorneys' fees (Dkt. 13) is granted. A federal district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award attorney fees is "left to the district court's discretion" and turns on the reasonableness of the removal. *Ray v. Tabriz*, No. 23 CV 1467, 2024 WL 4333247, at *1 (N.D. Ill. Sept. 28, 2024) (cleaned up). Absent unusual circumstances, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Roberts v. Smith & Wesson Brands, Inc.*, 98 F.4th 810, 816 (7th Cir. 2024) ("Fee shifting is appropriate if removal lacked a reasonable basis[.]") (citing *Martin*, 546 U.S. at 141).

That standard is met here. For the reasons discussed on the record at the April 23, 2024 hearing (*see* Dkt. 11), and as amplified here, Defendants' decision to remove the case was unreasonable. The removal statute allows removal "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The case was removed from the Circuit Court

for the County of Madison, Illinois, which would have made removal proper in the U.S. District Court for the Southern District of Illinois, not this District. Perhaps that error by itself would not justify an award of fees and costs, in the sense that the Court appears possess the power to transfer an otherwise-removable case to the correct venue. See 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). But a more fundamental problem with this removal is that Defendants have not, at either the earlier hearing or in the present briefing, put forth a reasonable justification for removal to any federal district. In Defendants' response to the present motion, Defendants appear to justify removal of this breach of contract action based on an anticipated federal defense under the Anti-Kickback Statute. (*See* Dkt. 14 at 4.) But it is "settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Defendant's post-hoc reliance on the *Grable* doctrine is similarly unreasonable, as that narrow doctrine can only apply if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690–91 (2006) (cleaned up). As the district judge explained in *Roberts v. Smith & Wesson Brands, Inc.*, a complaint "gets by step one of *Grable* if the federal issue is necessarily raised on the face of plaintiff's complaint. It must be impossible to decide the state-law claim without deciding an issue of federal law." No. 22-cv-06169, 2023 WL 6213654 at *13 (N.D. Ill. Sep. 25, 2023 (Seeger, J.) (cleaned up). Defendant's reliance on the Anti-Kickback Statute defense presented neither a substantial federal question nor a federal issue necessarily raised on the face of the complaint that had to be decided to resolve the state law-based claim. *Grable* thus did not justify the removal of this case.

Because Defendants lacked a reasonable basis for removal, fees should be awarded to Plaintiff. To determine a reasonable fee, the district court "uses the lodestar method, multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (cleaned up). A reasonable hourly rate is "one that is 'derived from the market rate for the services rendered,'" and the fee applicant bears the initial burden to show that the requested rate is reasonable. *Id.* (quoting *Denius v. Dunlap,* 330 F.3d 919, 930 (7th Cir. 2003)). If that burden is satisfied, the burden to "show that a lower rate is reasonable" shifts to the responding party. *Sommerfield v. Knasiak*, No. 08-CV-3025, 2021 WL 5795303, at *4 (N.D. Ill. Dec. 7, 2021).

Plaintiff's request for fees and costs is reasonable. Plaintiff initially requested $11,665 in fees (Dkt. 13 at 4) and provided an itemized breakdown, which reflects an hourly billing rate of $325 for partners Brian Wacker and John Beseau, and $225 for

associate Shawn Varghese,[1] for a total of 36.20 hours billed. (Dkt. 13-1 at 4–6.) Plaintiff also requested $631.93 in costs, which consists of mileage, hotel, and parking costs for Brian Wacker's travel from the St. Louis area to Chicago for the April 23, 2024 in-person status hearing. (*Id.*) At the conclusion of briefing, Plaintiff supplemented its fee request to account for fees incurred in replying to Defendants' fee response; Plaintiff asks that an additional $1,657.50 in fees be awarded for an additional 5.1 hours of work. (Dkt. 15 at 6; Dkt. 15-1 at 4.) Plaintiff's hourly rates are reasonable, as Defendants agree. (*See* Dkt. 13-1 ¶¶ 7–9 (affirming that the hourly rates reflect the market rate in the Metropolitan St. Louis area).) The time entries reflect legal work done in response to the motion for remand and the fee dispute, and the hourly rate is in line with the market rate for attorneys with the commensurate level of experience.

Defendants, rather, argue that the fees and costs for travel time (reflecting 9.8 hours of round-trip travel time from St. Louis to Chicago, plus the above-mentioned costs), totaling $3,816.93, are unreasonable because Plaintiff's counsel could have flown instead. (Dkt. 14 at 5.) Defendants believe they should not bear the cost of the choice of a "less efficient means of travel." (*Id.*) It is presumed that a reasonable attorneys' fee "includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time." *Nichols v. Ill. Dept. of Transp.*, 4 F.4th 437, 443 (7th Cir. 2021) (internal quotation omitted). For the reasons described in Plaintiff's reply (Dkt. 15 at 5–6), the Court is not convinced that the billed travel time, and the decision to drive between St. Louis and Chicago, was unreasonable. After all, Defendants removed the case to the wrong district, which necessitated travel to Chicago. Air travel can be unpredictable, and Defendants' estimation of "total travel times of less than 3 hours" for air travel between St. Louis and Chicago (as opposed to 4.9 hours for driving) is based on a best-case assumption and fails to account for the vagaries of air travel.

Plaintiff's motion for fees (Dkt. 13) is therefore granted. Plaintiff is awarded $13,954.43 in attorneys' fees and costs.

SO ORDERED in No. 24-cv-01921.

Date: January 24, 2025

JOHN F. KNESS
United States District Judge

---

[1] Defendants point out that the Wacker declaration (Dkt. 13-1 ¶ 9) lists Mr. Varghese's billing rate as $200. Plaintiff concedes that was an error and confirms that Mr. Varghese's actual billable rate was $225, as reflected in the itemized statement. (Dkt. 15 at 6.)